COMMERCIAL CREDIT CO., INC., v. OWEN B. MILLER, *et ux.*

149 So. 482.
Division B.
Opinion Filed July 27, 1933.
Rehearing Denied August 10, 1933.

*Altman & Cooper,* for Plaintiff in Error;

*Marion B. Jennings,* for Defendants in Error.

BUFORD, J.—The writ of error here is to a judgment of the Circuit Court of Sarasota County in favor of the defendant in a replevin action. The plaintiff in error was the

owner and holder by assignment of retain title contract involving the purchase and sale of a certain automobile.

The contract was originally between Orange Blossom Service Station, Inc., and Mrs. Nita Miller and her husband, Owen B. Miller. The contract is in the conventional form of the conditional sales agreement used in the purchase and sale of automobiles. It provides that the automobile should remain the property of the vendor until it is fully paid.

The contract, together with the ownership of the property embraced therein, was transferred and assigned to Commercial Credit Company, Inc.

The plea was not guilty. Under this plea the defense was that on October 13th, 1931, when default had occurred in the installment payments the plaintiff took possession of the automobile and held the same for a period of three days until the defendant paid up the delinquent installments and thereupon re-delivered the automobile to the plaintiff and it was contended in the court below, and apparently so held, that when the plaintiff took possession of the automobile for the purpose of collecting then delinquent installment payments, that it thereby exhausted its right of replevin. There is no contention that the payment of the then delinquent installments constituted payment in full under the contract.

The contract was not satisfied until full payment thereof was made, or until the automobile was taken from the defendant by replevin, or otherwise, for the purpose of satisfying the contract. The record shows that at the time the automobile was temporarily taken by the plaintiff it had the right to exercise its option and re-possess the automobile and deprive the defendant of any further rights therein, but the record shows also that the plaintiff did not do this, but that it re-delivered to the defendant the automobile

upon the payment of the delinquent installments, together with certain costs incident to the collection of those installments. There was no other contract made or entered into between the parties and when the plaintiff re-delivered the automobile to the defendant upon the payment of those delinquent installments it forfeited none of its right of property in the automobile, nor none of its rights to pursue such course as it might see fit to enforce the payment of the balance of the purchase price. At the time of the institution of this suit the plaintiff had its election of remedies, either to treat the sale as absolute and sue for the balance of the purchase price, or to exercise its retention of title and replevin the automobile.

Under the facts as disclosed by the record, it was the duty of the trial court to instruct a verdict in favor of the plaintiff and to enter judgment accordingly as is provided by law.

The judgment should be reversed and the cause remanded for a new trial. It is so ordered.

Reversed and remanded.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL and BROWN, J. J., concur.