SMITH, Judge.
One of the appellees, The Mortgage Mart, Inc., of St. Petersburg, a Florida corporation, instituted an action to foreclose several mortgages. The defendants were the *769 remaining appellees and the appellant. Mortgage Mart, Inc. alleged that the defendant, Coronet Kitchens, Inc. had filed its ■claim of lien against six of the eight parcels of property which were the subject of the mortgage foreclosure, but that each of said claims of liens were subordinate and inferior to plaintiff’s mortgage lien. Coronet Kitchens, Inc. answered, admitting the filing of its claim of lien, and further ■crossclaimed and counterclaimed, alleging ■that it was the owner, by retain title contract, of certain kitchen cabinets installed in the residence on each of the six parcels ■of property. It prayed for judgment,, •awarding possession of the cabinets to it. 'The contracts under which the cabinets were installed contained the following clause:
“Title of goods furnished hereunder shall remain in sellers possession until fully paid for. * *
The plaintiff moved for summary final ■decree on the cross-claim and counterclaim, submitting Coronet Kitchens’ answers to interrogatories, wherein it admitted that the ■cabinets which were the subject matter of the contracts alleged in the counterclaim were also the same items which formed the basis for its claim of lien. The court entered a summary final decree against Coronet Kitchens, Inc., finding that the election made by Coronet Kitchens, Inc. by filing its ■claim of lien, bars it from recovering the kitchen cabinets.
The right to maintain an action of replevin is based primarily on whether the plaintiff has a right to immediate possession ■of the property in question at the time he initiates the action. The plaintiff’s choice •of remedies is of importance, for he may waive his right to the property by seeking a remedy that affirms title and right to possession of the property in another, as, for instance, where he sues the vendee for the purchase price. 28 Fla.Jur. 167, 173, Replevin, §§ 6, 12.
By the retain title contract, Coronet Kitchens maintained a position as the owner of the kitchen cabinets. When it filed its claim of lien, it necessarily elected to treat the title as having been passed to the vendee in the contract. Its claim of lien was, in effect, first a statement that it had elected to treat the title as having passed; secondly, its election to enforce the payment of the purchase price; and lastly, its statement that it Had improved the real property. These positions are wholly inconsistent with its asserted position in replevin that it was the owner of the kitchen cabinets and entitled to their possession. See American Process Co. v. Florida White Pressed Brick Co., 1908, 56 Fla. 116, 47 So. 942; Voges v. Ward, 1929, 98 Fla. 304, 123 So. 785; Baer v. General Motors Acceptance Corporation, 1931, 101 Fla. 913, 132 So. 817; and Commercial Credit Co. v. Miller, 1933, 111 Fla. 554, 149 So. 482.
It is well settled in Florida that where a party with knowledge of the facts elects to adopt one of several inconsistent remedies, either of which are opened to him, he cannot afterwards go back and elect again and pursue the other remedy or either of them, even though he fails in the remedy elected and used. Intertype Corporation v. Pulver (S.D.Fla.1932) 2 F.Supp. 4, aff’d 65 F.2d 419 (5th Cir.1933), cert. den. 290 U.S. 660, 54 S.Ct. 75, 78 L.Ed. 571; Bogert, Commentaries on Conditional Sales, 2A U.L.A., pp. 177-178.
The appellant contends that it filed its claim of lien pursuant to the Mechanic’s Lien Law, Chapter 84, Florida Statutes, F.S.A., and that § 84.32 thereof changes the foregoing principles of law. That section is as follows:
“Action at law not barred.—Except as herein otherwise expressly provided, nothing in this chapter contained shall be construed to prevent any lienor or assignee under any contract from maintaining an action thereon at law in like manner as if he had no lien for the security of his debt and the bringing of such action shall not prejudice his rights under this chapter.”
*770 In construing this section, it is evident that any remedy provided therefor pertains to a debt. Any proceeding which treats the relationship of the parties as debtor and creditor necessarily presumes that the title to the property has passed. This section simply preserves to the creditor his right to collect his debt by his lien, or by action at law, but in either such action, he admits the relationship of debtor and creditor and vests the title retained under the contract in the purchaser. See Voges v. Ward, supra. Both under the general law, 36 Am. Jur. 135, Mechanic’s Lien, § 205, and by virtue of this statute, Coronet Kitchens, Inc. had the right to vest title in its vendee and claim a lien. Having done so, it no longer had any title in, nor right of possession of, the kitchen cabinets.
The decree is affirmed.
ALLEN, Acting C. J., and KANNER, J., concur.