WIGGINTON, Judge.
Appellant, who was plaintiff in the trial court, has appealed a final judgment entered in favor of defendant after a trial by the court without a jury. The transaction out of which this cause of action arose involves the repossession and sale of a motor vehicle under a retail installment contract. The question presented for our decision is whether the trial court erred in holding on the facts adduced at the trial that the parties hereto agreed at the time the vehicle was repossessed that its voluntary surrender by defendant would extinguish the debt and relieve him from any further liability under his contract.
Appellant is the owner of a retail installment contract executed by defendant at the time he purchased the motor vehicle in question. The contract contains the following provision, to-wit:
“Upon default, the motor vehicle purchased hereunder may be repossessed and sold at public sale. The proceeds of such sale shall be applied first to the payment of such costs, expenses and attorneys’ fees in connection with the retaking, storing and sale of the the [sic] motor vehicle, as may be allowed by the court if the retaking is by legal process or, if the retaking is not by legal process, to the payment of the actual and necessary expenses of storing the motor vehicle, not to exceed *665 one dollar ($1.00) per day, and to the actual cost of publishing the notice of sale in a newspaper as required in subsection (4) of section 520.11, Florida Statutes, and then to the satisfaction of the balance due under this contract. After such application any surplus shall be paid to the Buyer and the Buyer shall remain liable for any balance remaining unpaid after such application. Buyer shall be liable for court costs and reasonable attorneys’ fees if this contract is referred for collection.”
After default in the payment of three successive monthly installments, plaintiff dispatched its agent to defendant’s residence for the purpose of making some adjustment of the delinquent account. Defendant was not at his place of residence so the agent discussed the matter with defendant’s wife. She testified at the trial that when plaintiff’s agent appeared at her home he stated that he had come to get either the car or the money. She told plaintiff’s agent that the car was in the garage and that he could take it. The agent thereupon took possession of the vehicle and removed it from ■defendant’s residence. Defendant’s wife testified that it was her understanding that the debt owed by defendant under the provisions of the retail installment contract was paid when the vehicle was repossessed by plaintiff. Plaintiff’s agent testified, however, that no conversation transpired between the parties with respect to payment of the balance due under the contract, nor was there any discussion to the effect that upon the voluntary surrender of the vehicle by defendant’s wife that the debt would be extinguished and he would be relieved from any further liability.
On the day following repossession plaintiff sent defendant by certified mail the notice required by statute,[1] advising him of his right to either redeem the vehicle by payment of the delinquent amounts due under the contract, or to demand that the vehicle be sold at pubic sale to satisfy the indebtedness owed. The notice stated that if defendant failed to make an election to follow either course, plaintiff would at its option sell the vehicle at public sale and apply the proceeds toward payment of the indebtedness owed by defendant under his contract. This notice further advised defendant that he would remain liable for any balance remaining unpaid after such application. Upon receiving no response from defendant, plaintiff sent him another notice by certified mail advising that the vehicle would be sold at public sale at a time and place specified in the notice, and that the proceeds realized from the sale would be applied on the amount owed under the contract. Defendant was again told that if any balance remained due after applying the sale proceeds to the contract indebtedness, he would remain liable for such balance.. The vehicle was sold at public sale at the time and place specified in the notice, and after applying the sale proceeds to the amount of indebtedness owed by defendant, there remained a balance due plaintiff of $308.79. This suit was instituted for recovery of such deficiency.
After hearing and considering the testimony and evidence adduced by the parties at the trial as above summarized, the court found as a fact that when plaintiff’s agent arrived at the residence of defendant he stated that he had come for the car or the money; that such course of conduct was consistent with plaintiff’s general practice; that most people would take this statement to mean that the debt was paid by the voluntary surrender of the automobile; that defendant’s wife was led to believe that by surrendering possession of the automobile the debt was paid; that defendant’s wife believed that upon voluntarily surrendering possession of the vehicle the matter would be settled and that the release of the vehicle was in reliance thereon; that defendant’s wife was justified in her reliance and therefore plaintiff is not en *666 titled to recover the deficiency claimed by it under the contract; that any secret or undisclosed intent of the plaintiff would not be binding upon the defendant. Upon the foregoing findings and conclusions, judgment was entered in favor of defendant. It is from that judgment that this appeal is taken.
The Motor Vehicle Sales Finance Act[2] provides that when the buyer is in default in the payment of any sum due under a retail installment contract, the breach of which is by the contract expressly made a ground for the retaking of the motor vehicle, the holder may retake possession either peaceably or by legal process. The rights and obligations of the holder and of the buyer are as provided by the statute.[3] The statute further provides that upon such retaking, the holder and the buyer may mutually agree that the holder may retain the motor vehicle as his own or may sell the motor vehicle for his own account without complying with or being bound by the provisions of the statute, and thereupon the buyer and the holder shall each be discharged of all obligations under the contract.[4] It is further provided that unless the holder and buyer enter into an agreement as provided in the preceding paragraph, the holder shall, within the time specified by the statute, furnish the buyer with notice of his right to either redeem the vehicle or demand that it be sold at public sale. If no such demand is made by the buyer, the holder may sell the vehicle at public sale after giving notice thereof to the buyer. It is provided that the proceeds of the sale shall be applied to the amount due under the contract and that the buyer shall remain liable for any balance remaining unpaid after such application.[5]
From the foregoing provisions of the statute it clearly appears that in order for the retaking of a motor vehicle by the contract holder to operate as a discharge of all obligations of the parties to the contract, they must first enter into a mutual agreement that the contract holder may retain the-vehicle as his own, or may sell it for his-own account, without complying with the-remaining provisions of the statute.
It is appellant’s position that the' evidence adduced before the trial court is-wholly insufficient to establish that a mutual' agreement as contemplated by the statute-was entered into between the parties which would operate to discharge defendant from» liability for payment of the balance due-plaintiff after applying the sale proceeds-of the vehicle to the indebtedness owed'. With this contention we are compelled to-agree.
The judgment appealed is predicated solely upon the inference drawn by defendant’s wife from the conversation had with plaintiff’s agent at the time of repossession-. From the agent’s statement that he had' come for the car or the money due under the contract defendant’s wife inferred that if she voluntarily surrendered the vehicle to plaintiff, the debt would be extinguished. It is admitted that no specific agreement to this -effect was reached by the parties. The transaction between the parties contains none of the elements which must necessarily be established before it can be held that a mutual agreement was entered into by which the voluntary surrender of the vehicle to plaintiff would extinguish the debt due under the contract and relieve defendant from any further liability thereon.
In Webster Lumber Co. v. Lincoln[6] the Supreme Court of Florida held:
“In order that there be a contract, the parties must have a definite and distinct intention, common to both, and without doubt or difference. Until all under *667 •stand alike, there can be no assent, and therefore no contract. Both parties ■must assent to the same thing in the ■same sense, and their minds must meet as to all the terms.”
It is singular to note from the record before us that ‘no finding was made by ■the trial court that the parties entered into a mutual agreement consistent with the inference drawn by defendant’s wife from ■the conversation had with plaintiff’s agent. The rationale of the trial court’s holding is that the inference drawn by defendant’s wife from the conversation had with plaintiff’s agent was sufficient to constitute a mutual agreement between the parties, and the fact that plaintiff may have had no intention to enter into an agreement consistent with the conclusion réached by defendant’s wife was wholly immaterial. The court apparently disregarded or considered immaterial the acts of plaintiff in ■.promptly and faithfully pursuing the procedure required by the statute looking to a ■public sale of the vehicle and a claim for ■any deficiency which may result after applying the sale proceeds to the contract in■debtedness, all of which negates any intent on plaintiff’s part to enter into an agreement discharging defendant from further liability under the contract.
In view of the conclusion we have ■reached we deem it unnecessary to pass upon the sufficiency of the evidence to establish express or implied authority of plaintiff’s agent and defendant’s wife to enter into an agreement binding on their .principals.
For the foregoing reasons we conclude that the trial court erred in entering the judgment appealed. The judgment is accordingly reversed and the cause remanded with directions that judgment be entered in favor of plaintiff for the amount claimed in its complaint.
STURGIS, C. J., and CARROLL, DONALD K., J., concur.

. F.S. Section 520.11, F.S.A.

. F.S. Sections 520.01-520.13, F.S.A.

. F.S. Section 520.11(1), F.S.A.

. F.S. Section 520.11(2), F.S.A,

. F.S. Sections 520.11(3), (4), (5), F.S.A..

. Webster Lumber Co. v. Lincoln, 94 Fla. 1097, 115 So. 498.