O’CONNELL, Justice.
The petitioner, Southern Gulf Utilities, Inc., is a privately owned and operated water utility that holds a certificate of public convenience and necessity issued by the respondent Commission pursuant to the provisions of Chapter 367, F.S.A. This certificate of public convenience and necessity, issued in 1962, gave the petitioner the authority to furnish water service to certain described areas lying outside the corporate limits of the City of Orlando in Orange County. Section 367.07, F.S.A., provides that every such certificate issued by the Commission “shall confer on the recipient the exclusive right to serve such territory.”
Subsequent to the issuance of said certificate to petitioner arid after petitioner had undertaken to furnish water service to the area franchised to it, the Orlando Utilities Commission “invaded the, franchise area of Petitioner by laying water mains and lateral water pipes and in entering into agreements with builders to lay water lines, water pipes and to provide service in Petitioner’s franchise area” which is outside the corporate limits of the City of Orlando.
Petitioner, according to its brief, initiated two separate proceedings each seeking to protect its franchise against invasion by the Orlando Utilities Commission. One, it filed a complaint for injunctive relief in the circuit court We are not told the result of this action and we are not concerned with it in this petition for certiorari. Two, the petitioner, pursuant to Section 367.09, F.S. A., filed a complaint before the respondent Commission in which it sought to have the Commission issue a stop order requiring the Orlando Utilities Commission to cease and desist its invasion of the franchise area of the petitioner. The respondent Commission entered an order dismissing the. complaint of petitioner. It is this order which is under attack in this proceeding.
In its order dismissing petitioner’s complaint for stop order, the respondent Commission stated that the Orlando Utilities Commission, which was created by Chapter 9861, Laws of Florida, Special Acts of 1923, is a governmental agency as defined in Section 367.02(2), F.S.A.; that Section 367.18, F.SA., specifically states that Chapter 367 shall not be deemed to affect or repeal said Chapter 9861, Special Acts of 1923, or in anywise affect the authority “now existing or hereafter conferred thereon by law, of any governmental agency to supply water or sewerage service to any area in this state”; and concluded that it had no authority to restrain a governmental agency from invading the service area of a private utility certificated by it.
The Commission acted correctly. It has only the power conveyed to it by the laws of this state. Chapter 367 gave the Commission no authority whatsoever over utilities operated by governmental agencies, and specifically excluded the Orlando Utilities Commission from its operation. Section 367.09 can only be interpreted to authorize the Commission to issue stop orders to a privately owned' utility subj ect to the terms of the chapter and subject to the orders and control of the Commission. This does not include utilities operated by governmental agencies.
As noted above, this cause does not- in7 volve the action for injunction instituted,by petitioner in the circuit court, and this opin *140 ion is not to be construed as reflecting in any way-'on the rights of the parties in that cause.
All that we have decided is that the Florida Public Utilities Commission does not have authority to issue a stop order to the Orlando Utilities Commission, because it is a governmental agency.
Accordingly the petition for writ of certi-orari is denied.
DREW, C. J., and THOMAS, ROBERTS and CALDWELL, JJ., concur.