ALLEN, Judge.
Appellant, -plaintiff in an action to recover a sum allegedly due under a conditional sales contract, appeals a judgment *498 dismissing its amended complaint, with prejudice.
Appellant sold appellees certain chattels for a stated consideration. Following a “down payment” the parties executed a “conditional sales contract” providing for payment of the deferred balance in twenty-four installments. This contract contained provisions, inter alia, that:
“ * * * This is a contract of conditional sale, and not a mortgage, and title is expressly agreed to remain in the Dealer, or his assign, until all sums shall first have been paid in full and in cash. * * *
“ * * * If the Buyer shall * * fail to make any payment when due * * * all sums then unpaid shall be due and payable without notice, and the Dealer or his assigns may at once retake possession of the property, wherever the same may be, and without process of law, and all payments theretofore made shall be retained by the Dealer or his assigns as agreed damages, compensation for the execution of the agreement, and use and hire of the property, and all rights of the Buyer shall be extinguished. Dealer or assigns may take possession of any other property in or connected with this property above described at the time of repossession wherever such other property may be therein and hold the same temporarily for buyer without liability on the part of said Dealer. If the Dealer or his assigns shall retake possession of the property, the Dealer or his assigns may at once resell the same without notice, at public or private sale. Dealer, or assigns shall have the right to bid at such sale, and if proceeds shall be insufficient to pay all sums due, including costs, fees and expenses, the Buyer shall pay such deficiency; if the proceeds shall exceed the same, such excess shall belong to the Buyer. Dealer or his assigns may collect from Buyer the balance unpaid plus costs, fees and expenses, without repossession.” (Emphasis added.)
Appellees, after making three payments, defaulted and returned the chattels to appellant for resale. Appellant resold them, realizing an amount which, after deduction of the expenses of resale, was less than the balance due from appellees under the contract. Suit for this deficiency ensued.
The lower court, apparently of the belief that appellant’s retaking the chattels constituted an election of remedies preclusive of an action for the balance of the purchase price, dismissed the cause and this appeal ensued, posing as the determinative question whether the emphasized portion of the aforequoted provisions in the contract is valid and enforceable.
In support of its argument that the lower court erred in refusing to permit the alternative means of recovery contemplated by the contract, appellant argues that the cases relied upon by appellees, hereinafter cited, contain only dicta which cannot control, that the great weight of authority in other jurisdictions indicates acceptance of contractual provisions similar to the one upon which it relies and that the practice contemplated in these provisions is neither contrary to statute nor to public policy in Florida. Fla.Stat. 520.11, F.S.A. (1963) is cited as indicative of a favorable “public policy.”
 With respect to the statutory provision cited, we cannot and will not attribute to the legislature an intent beyond that expressed and accordingly find the statute entirely inapplicable. A study of the decisions in other jurisdictions is illuminating but unpersuasive. See Annots. 49 A.L.R.2d 15, 66-74 (1956); 99 A.L.R. 1288, 1290 et seq. (1935) and 43 A.L.R. 1243 (1926). The decisions on point in these “modern” authorities are in many instances distinguishable and in other instances based upon considerations specifically rejected by our Supreme Court in Voges Motor Co. v. Ward, 1929, 98 Fla. 304, 123 So. 785.
*499 The leading Florida case, Voges Motor Co. v. Ward, supra, involved a contract provision in effect identical to the one sub judice. Construing this provision, the Court wrote:
“In so far as the contract retains the title until the debt as evidenced by the notes is paid, this clause is valid; but under our decisions, in so far as this clause would permit a personal action against the purchaser for the recovery of the debt, without waiving the right to pursue the property, it must be held ineffective and unenforceable, if the contract is to be upheld as a conditional sale contract. * * * Our decisions are clear to the effect that in a conditional sale, the seller cannot sue the purchaser on the debt and retain his title to, and right to take back the possession of, the property; nor can he take back the property and then sue to recover the debt; nor has he power to grant to another any right to pursue these inconsistent remedies. * * *
* * * * * Jjs
“But the alternative provision in the repossession clause, to the effect that the holder of the notes and contract may, in addition to retaking possession, sell the property, apply the proceeds on the debt, and then hold the purchaser liable for any deficiency, is, as to the last provision, incompatible with the true theory of a conditional sale, as construed by this court in the cases above referred to. He may, on default, repossess the property, and, if he so desires, sell it; but he cannot take the property and also pursue the purchaser for the debt. When he elects to retake the property as owner, this necessarily precludes any recovery of the balance due on the debt. * * * ”
The foregoing, though perhaps obiter dicta if viewed in the context of the somewhat unusual facts in the Voges case, was nonetheless an unmistakable enunciation of the law and has become so accepted as such as to be afforded controlling effect. See e. g. Baer v. General Motors Acceptance Corp., 1931, 101 Fla. 913, 132 So. 817. Notwithstanding appellant’s arguments, we decline to recede from the pronouncements of the Court in the Voges case and, accordingly affirm the judgment of the lower court.
Affirmed.
SMITH, C. J., and CABOT, TED, Associate Judge, concur.