SPECTOR, Judge.
This is an appeal from a final judgment dismissing with prejudice appellant’s action for a deficiency judgment for the balance due after the repossession and public sale, in the statutorily prescribed manner, of an automobile sold under the Motor Vehicle Sales Finance Act, Section 520.11, Florida Statutes, 1961, F.S.A.
The judgment here under review reflects on its face that the trial court rested its decision squarely on the pronouncement of our Supreme Court in Voges v. Ward, 98 Fla. 304, 123 So. 785 (1928), and like cases holding that a conditional vendor of personalty may not pursue both the property and the debt upon default by the vendee even though a provision in the sales contract expressly authorizes resort to both remedies. The reasoning for the holding in Voges, supra, was that under the doctrine of election of remedies, the election of one operated as a waiver of the other. To like effect, see Baer v. General Motors Acceptance Corp., 101 Fla. 913, 132 So. 817, and Colonial Finance, Inc. v. All Miami Ford, Inc., 112 So.2d 857 (Fla.App.3d 1959).
Appellant concedes that prior to 1961 when Section 520.11, Florida Statutes, F.S.A., was amended, the controlling law in this State on the subject here under consideration was as reflected in the cases cited above. He urges, however, that Voges, supra, no longer controls the right to a deficiency judgment upon default in an automobile sales contract entered into pursuant to the provisions of Section 520.-11, Florida Statutes, 1961, F.S.A., because said statutory enactment had the effect of abrogating the doctrine of election of remedies as to motor vehicle sales made in conformance with that statute’s provisions. We agree.
This Court has heretofore recognized that the act upon which appellant rests his case provides for a deficiency judgment in cases where the provisions of the statute have been followed. See General Finance Corp. of Jacksonville v. Stratton, 156 So.2d 664, 666, where we said of the act:
“It is provided that the proceeds of the sale be applied to the amount due under the contract and that the buyer shall remain liable for any balance remaining unpaid after such application.” (Citing Section 520.11(5), Florida Statutes, 1961, F.S.A.)
No appearance was made by the appellee either before the trial court or this court on appeal. Since there is no showing or contention on the record before us that appellant failed to meet the statutorily required steps as a prerequisite to exercise of its rights, the judgment appealed is
Reversed.
RAWLS, Acting C. J., and JOHNSON, J., concur.