265 So.2d 393 (1972)
John P. SWINDEL, Jr., Petitioner,
v.
GENERAL FINANCE CORPORATION OF FLORIDA, Respondent.
No. Q-489.
District Court of Appeal of Florida, First District.
August 15, 1972.
Rehearing Denied August 22, 1972.
*394 O.E. Adams, Sr., Pensacola, for petitioner.
Gerald L. Brown, of Wells & Brown, Pensacola, for respondent.
WIGGINTON, Judge.
Petitioner seeks review by certiorari of a decision rendered by the Circuit Court of Santa Rosa County, sitting in its appellate capacity, which affirmed a judgment against petitioner rendered by the small claims court of that county.
The only question presented for decision is whether a secured creditor, after repossessing and selling a motor vehicle upon default in payment of the sum due under a retail installment contract, is in proper cases lawfully entitled to a deficiency judgment against the defaulting purchaser. The small claims court held in the affirmative, which judgment was affirmed by the circuit court on appeal.
It is the position of the petitioner herein that a creditor who repossesses a motor vehicle because of default in the payment of an installment under a conditional sales contract is barred by the common law doctrine of election of remedies from seeking a judgment against the default purchaser for any deficiency which may result from the sale of the motor vehicle by the creditor. Petitioner relies on the decision rendered by the Second District Court of Appeal in the case of Smith v. Cox[1] to support the position he takes on this review. In that case the court was interpreting the provisions of Section 520.11, F.S., which statute has since been repealed, and merely held that the statutory requirements necessary to authorize the rendition of a deficiency judgment against the defaulting debtor had not been met. In the absence of full compliance with the statutory requirements, the court held that the doctrine of the election of remedies precluded the rendition of the deficiency judgment against the defaulting debtor in that case.
Section 520.11, F.S., which was involved in the case of Smith, supra, has now been superseded by F.S. Section 679.504(2), F.S.A. of the Uniform Commercial Code. This statute provides that a secured party after default may sell the collateral pledged in payment of the debt and "... unless otherwise agreed, the debtor is liable for any deficiency". The security agreement under which the automobile was purchased by petitioner in the case sub judice specifically provides that in the event of default in payment of the sums due under the contract, the seller shall have the right, upon reasonable notice, to sell the security and apply the proceeds of the sale to the expense of repossession and sale and in satisfaction of the indebtedness. The contract further provides that the buyer will pay any deficiency which results in the premises.
In a case factually similar in all material respects to the case sub judice, this court held that a statute which authorized the entry of a deficiency judgment against a *395 defaulting debtor under a conditional sales contract, where the proceeds derived from a sale of the repossessed security were insufficient to pay the expenses and the indebtedness due, abrogated the common law doctrine of the election of remedies and authorized the rendition of a judgment in favor of the creditor for such deficiency as may result from the sale.[2]
A similar conclusion was reached in construing the provisions of a conditional sales contract by a Federal District Court in Oklahoma.[3]
We hold that the circuit court's decision of affirmance in the case sub judice was correct and free from error. Certiorari is accordingly denied and the petition dismissed.
SPECTOR, C.J., and JOHNSON, J., concur.
NOTES
[1] Bill Smith, Inc. v. Cox (Fla.App. 1964), 166 So.2d 497.
[2] General Motors Acceptance Corporation v. Hurst (Fla.App. 1968), 212 So.2d 335.
[3] Straight v. James Tolcott, Inc. (10th Cir.1964), 329 F.2d 1.