HAVERFIELD, Judge.
Appellant-surety, American Employers’ Insurance Company, appeals an order denying its motion for relief from judgment pursuant to RCP 1.540(b), 31 F.S.A.
On August 29, 1972 plaintiff-appellee, Piedmont Sewing Supply, Inc. (hereafter referred to as Piedmont), filed a complaint seeking to replevy certain personalty which plaintiff had sold to defendant Miami Originals, Inc., pursuant to a conditional sales contract upon which defendant had defaulted on the payment of two monthly installments. As required, Piedmont filed with its complaint an affidavit in replevin and a replevin bond, both of which reflected the value of the property in question to be $8,000. Thereupon, a replevin writ and summons were issued. In response thereto, defendant as principal with appellant American Employers’ Insurance Company as surety filed a forthcoming bond. Thereafter, Piedmont moved the Clerk of the Circuit Court for entry of default which was so entered on October 10, 1972 for failure of the defendant to file an answer or other pleadings. On the same date, a petition for bankruptcy was filed against- the defendant in U.S. District Court.
On October 27, 1972 John Pransky, president of Piedmont, filed an affidavit of *112 merits in which he alleged that the value of the personal property was $12,000. Thereafter, on November 2, 1972 the circuit court entered a final judgment of default entitling Piedmont to either possession of the personalty or recovery from Miami Originals, Inc. and/or its surety, the appellant, on its forthcoming bond for the value of the property [Fla.Stat. § 78.19, F. S.A.] in the sum of $12,000. The judgment further instructed the Clerk to issue either a writ of possession or a writ of execution which upon nulla bona as to the defendant, Piedmont, may proceed by proper application against appellant-surety; however, it was undisputed that approximately $8,000 remained to be paid on the sales contract.
On January 18, 1973 the federal district court entered an order precluding any and all parties from prosecuting or continuing to prosecute any suit and restraining any attempts to levy upon the assets of Miami Originals, Inc. Execution on the default judgment was issued by the Clerk of the Circuit Court on February 27, 1973. At a hearing with regards to the bankruptcy proceedings on April 20, 1973, defendant made an objection to Piedmont’s claim as being excessive of the amount due on the conditional sales contract and in support thereof, referred to Piedmont’s replevin bond and affidavit in replevin which stated the value of the personalty to be $8,000. After having learned of these facts through the above hearing, appellant American Employers’ Insurance Company, as surety on the forthcoming bond, filed a motion for relief from judgment pursuant to RCP 1.540(b), 31 F.S.A. on the grounds that a fraud was perpetrated upon it and Miami Originals, Inc. and the final judgment of default was obtained by misrepresentation and misconduct on the part of Piedmont. After hearing argument thereon, the court below denied appellant’s motion and this interlocutory appeal followed.
Appellant-surety contends it was error to have denied its motion for relief from judgment where the testimony of the attorney for appellee Piedmont disclosed at th'e bankruptcy hearing that the judgment was entered in an amount appellee knew was greatly in excess, of the amount remaining due under the conditional sales contract. We are in agreement.
Fla.Stat. § 78.19 [1], F.S.A. (which the circuit court judge relied upon in his entry of the November default judgment) reads in part as follows:
“78.19 Judgment for plaintiff when goods redelivered to defendant
“(1) If it appears that the property was redelivered to defendant on his forthcoming bond, plaintiff shall take judgment for the property and against defendant and the surety on the forthcoming bond for the value of the property but when plaintiffs interest in the property is based on a claim of lien or some special interest therein, the judgment shall be only for the amount of the lien or the value of such special interest and costs, the judgment to be satisfied by the recovery of the property or of the amount adjudged against defendant and his surety.” [Emphasis Supplied]
On default by a conditional vendee, the conditional vendor has the right to repossess the property or to sue for the balance of the purchase price. 6 Fla.Jur. Conditional Sales §§ 112, 118 (1956) and cases cited therein. However, a conditional vendor is not provided with a remedy entitling him to a recovery of the full purchase price upon a subsequent default of a conditional vendee who has paid one or more installments.
Thus, if we were to affirm the final judgment of default in the case sub judice, the conditional vendor, Piedmont, at its election, could have the Clerk of the *113 Circuit Court issue a writ of execution for the sum of $12,000 (i. e. the full purchase price), a remedy which is unavailable to plaintiff. See Klein v. G. F. C. Corporation, Fla.App.1958, 103 So.2d 120.
Turning to the case at bar, the plaintiff’s interest in the personalty involved was based upon a default on a conditional sales contract by the defendant, a conditional vendee. In essence, plaintiff’s special interest was the unpaid balance of the contract, to-wit $8,000. See Huckleberry v. Davis Double Seal Jalousies, Inc., Fla.App.1960, 117 So.2d 519, at 521, cert. denied, Fla., 120 So.2d 616. Therefore, in accordance with Fla.Stat. § 78.19, F.S.A., set out in part hereinabove, the final judgment of default should have provided that the writ of execution upon application by the plaintiff Piedmont be issued for only the amount of Piedmont’s special interest plus costs that is, in this instance, the remaining balance due on the sales contract. Cf. Lazzari v. Gordon, Fla.App.1968, 214 So.2d 102. We note further that plaintiff in its replevin bond and affidavit attached thereto affirmed the value of $8,000 as being their interest in the subject property and defendant also placed the value of the personalty at $8,000 in its forthcoming bond and, therefore, a judgment in excess of this amount would be inequitable.
Accordingly, we find that the circuit court judge committed a mistake of law in not limiting the special interest of the plaintiff-appellee to the unpaid amount of the purchase price under the contract. Thus, it was error to have denied appellant-surety’s motion for relief from judgment pursuant to RCP 1.540(b) [2], 31 F.S.
A. on account of the above mistake.
For the reasons stated hereinabove, the order denying appellant’s motion for relief is reversed and the cause is remanded to the court below with directions to amend paragraphs four (4) and five (5) of the default judgment to read as follows:
4. Or in the alternative, the Plaintiff do have and recover of and from Defendant, MIAMI ORIGINALS, INC., d/b/a MIAMI ORIGINALS and/or its surety on its forthcoming bond, AMERICAN EMPLOYERS’ INSURANCE COMPANY for Plaintiff’s special interest in the machines and table tops described in the Conditional Sale Contract heretofore referred to hereinabove, constituting a “lot”, as same is referred to in Section 78.19 of the Florida Statutes, in the sum of Eight Thousand ($8,000.-00) Dollars.
5. Upon application of the Plaintiff, the Clerk shall either issue a Writ of Possession for the machines and table tops described in the Conditional Sale Contract dated September 30, 1971, executed by the parties (copy of which has been attached to the Replevin Writ and Summons heretofore filed herein), or a Writ of Execution for the sum of Eight Thousand ($8,000.00) Dollars, plus costs heretofore taxed in the sum of Two Hundred Thirty ($230.00) Dollars, representing $25.00 filing fee, $25.00 service of process and $180.00 bond premium, for all of which let execution issue forthwith.
It is so ordered.

. We noted that Fla.Stat. § 78.18 was cited in the judgment, but obviously this was a clerical error.

. “Rule 1.540. Relief from Judgment, Decrees or Orders

“ (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, deeree, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; . . . ”