326 So.2d 161 (1976)
ENCORE, INC., a Florida Corporation, et al., Petitioners,
v.
OLIVETTI CORPORATION OF AMERICA, a Delaware Corporation, Respondent.
No. 45338.
Supreme Court of Florida.
January 7, 1976.
Rehearing Denied February 23, 1976.
Henry W. Clar, Miami, for petitioners.
Joe N. Unger, of Smith, Mandler, Smith, Parker & Werner, Miami Beach, for respondent.
FERRIS, Circuit Judge:
Petitioners challenge a decision of the Third District Court of Appeal which affirmed two challenged summary judgments *162 and three post-judgment orders in aid of execution, reported at 291 So.2d 27 (Fla. App.). The reversal of the post-judgment contempt order, which was entered when the proceedings were automatically stayed by virtue of Florida Appellate Rule 4.5(c)(6), is not contested. Several issues are raised, the most fundamental of which relates to the election of remedies doctrine. On that point, the District Court's decision allegedly conflicts with Coronet Kitchens, Inc. v. Mortgage Mart, Inc., 146 So.2d 768 (Fla.App.2d 1962); Rood v. Miami Air Conditioning Co., 193 So.2d 216 (Fla.App.3d 1966); and American Employers' Ins. Co. v. Piedmont Sewing Supply, Inc., 287 So.2d 111 (Fla.App.3d 1973).
The salient facts are that in November, 1969, respondent, as the conditional seller, and the two corporate petitioners, as conditional purchasers, entered into a series of conditional sales contracts which provided in the aggregate for the conditional sale and purchase of 214 coin-operated copying machines of Olivetti manufacture. Each contract provided for the payment of the purchase price in twenty-four monthly installments with interest, with attorneys' fees to be awarded to the respondent in the event of the purchaser's default. Alleging arrearages in monthly contract installments on the purchase price under the several contracts, respondent in July, 1971, brought suit against the four petitioners herein in a two-count complaint. Count One sought money judgment and attorneys' fees for claimed past due monthly contract installments. Count Two, sounding in replevin, sought repossession of the machines remaining in the possession of the petitioner, plus costs and reasonable attorneys' fees.
The initial summary judgment awarded respondent the sum of $114,027.04 for past due contract installments on the purchase price of the 214 copying machines. It is alleged that the total purchase price of the copying machines purchased was $225,267.10 and that there existed a total outstanding balance of $169,196.12 at the time judgment was entered.
The trial judge then held hearings on respondent's motion for reconsideration of the judge's previous ruling requiring respondent to elect to pursue either the delinquent installment payments or repossession of the property, but not both. The motion for reconsideration was granted and the previous order was vacated and set aside. At the same hearing and as part of the same order vacating the order requiring the election of remedies, the trial judge determined that no material issue of fact existed as to Count Two of respondent's complaint, therefore summary judgment was granted respondent for immediate possession of the copying machines.
Writs of execution were issued upon these judgments, judgment levies were made and numerous proceedings in aid of execution were pursued by respondent.[1] All of the various summary judgments and post-judgment orders in aid of execution were affirmed by the District Court with the exception of the contempt order mentioned above.
Petitioners' primary legal contention is that the respondent's action in this case in seeking, and then obtaining judgment for the total of the purchase price installments then declared and claimed to be due occasioned an election of its remedies and a waiver of its rights to possession of the *163 214 machines, and affirmed title in the petitioners. Our attention is directed to Coronet Kitchens, supra, where the Second District Court of Appeal held that, "Any proceeding which treats the relationship of the parties as debtor and creditor necessarily presumes that the title to the property has passed." 146 So.2d at 770. Petitioners contend that respondent's election to enforce payment of the past due purchase price installments, even if not for the full purchase price, constitutes "any proceeding" and is just as fatal to petitioners' later action for repossession as the filing of a mechanic's lien proved to be in Coronet Kitchens, if indeed not more fatal.
Respondent first questions the jurisdictional basis of this proceeding, contending that there is no real conflict because of the factual distinction produced by the order in this case awarding only past due installments of the purchase price, and not the full purchase price as was the case in the decisions presented for conflict. Alternatively, respondent submits that the Florida Uniform Commercial Code (Code), adopted by the Florida Legislature in 1967, which purportedly abrogates the election of remedies doctrine, is applicable here and supports the decision below.
After oral argument and upon careful consideration of the briefs and the law, it is apparent that there is no direct conflict, hence no basis for our jurisdiction. The cases cited by petitioner all deal with actions for the total compensation owed the party seeking relief, as opposed to a portion of the total as is the situation sub judice. There is a difference. The election doctrine is founded on the premise that a party should not in the course of litigation be permitted to occupy inconsistent positions. Campbell v. Kauffman Milling Co., 42 Fla. 328, 29 So. 435 (1900); American Process Co. v. Florida White Pressed Brick Co., 56 Fla. 116, 47 So. 942 (1908). Thus, where several inconsistent remedies are available the choice of one necessarily infers an election not to pursue the others State ex rel. Van Ingen v. Panama City, 126 Fla. 776, 171 So. 760 (1937). However, the doctrine of election of remedies applies only where the alternative remedies are repugnant and inconsistent. American Process, supra. It does not preclude the use or pursuit of consistent remedies in proper circumstances. McKinnon v. Johnson, 59 Fla. 332, 52 So. 288 (1910). (Restitution proceedings and ejectment are not inconsistent or co-extensive proceedings, but are consistent in cumulative remedies.)
Disputes involving conditional sales contracts have been the source of numerous decisions addressing the election of remedies doctrine. One of the standards is Voges v. Ward, 98 Fla. 304, 123 So. 785 (1929), which held that upon default a conditional sales vendor may elect to sue on the debt or to maintain an action in replevin for the property. Once having sought recovery of the sales price, however, the vendor could not thereafter retake possession in replevin. The basis of the election doctrine in this instance is discussed in American Process:
"Where an action is brought for the price of all the goods sold, it is a concession that title has passed, and the vendor may not in general also prosecute an action for the recovery of all the same property upon the theory that the title thereto has not passed from him." 47 So. at 943-44.
The connecting thread of the law weaving these decisions together is clearly that an action for the entire purchase price of property sold under a conditional sale contract is an irrevocable election to treat the transaction as a sale which passes title to and vests it in the buyer. This vesting of absolute title is therefore inconsistent with a subsequent action for repossession, which is considered a recission of the contract. The key word is that the action for the entire price treats the sale as absolute. A sale is not absolute unless the action is for the entire purchase price. In Commercial *164 Credit Co. v. Miller, 111 Fla. 554, 149 So. 482 (1933), we held that the assignee of a retain title contract who took possession of the property for purposes of obtaining payment of delinquent installments, and redelivered it to the buyer upon payment, did not forfeit the right to later bring an action for the balance of the purchase price or replevin. The basis of that decision was that payment of the then delinquent installments did not constitute payment in full under the contract. Obviously, anything short of full payment would not have the effect of making the sale absolute so as to vest title in the buyer.
Sub judice we have an action for delinquent installments due on the purchase of numerous machines in addition to the action for repossession. Under Miller, supra, respondent could have brought an action for the delinquent installments, recovered judgment and satisfaction, and then later brought an action for repossession upon the subsequent default by petitioner. Both courses of action accomplish the same result. Under modern decisions based on the Code respondent could repossess the property and sell it, then apply the proceeds to the satisfaction of the purchase price and, if there was a deficiency, sue for the balance. General Motors Acceptance Corp. v. Hurst, 212 So.2d 335 (Fla.App. 1st 1968); Swindel v. General Finance Corp., 265 So.2d 393 (Fla.App. 1st 1972); contra, Nat'l City Truck Rental Co. v. Southern Mill Creek Products Co., 213 So.2d 261 (Fla.App.2d 1968) (the Court noted, however, that the case was governed by the law in effect prior to the adoption of the Code, hence Voges, supra, controlled, implying a different result under the Code.)
The cases cited by petitioner are confluent rather than in conflict with the decision sub judice. In Coronet Kitchens the vendor lienholder filed a claim of lien against six of eight parcels of property which were the subject of a mortgage foreclosure. In defense of the foreclosure suit, the lienholder cross-claimed and counter-claimed, alleging that it was the owner, by a retain title contract, of certain kitchen cabinets installed in the residence on each of the six parcels of property, and prayed that it be awarded possession of the cabinets. The Court held that by the retain title contract, the lienholder maintained a position as the owner of the kitchen cabinets and that when it filed its claim of lien, it necessarily elected to treat the title as having been passed to the vendee in the contract, thus barring it from recovering the kitchen cabinets.
In Rood, supra, the Court simply restated the general rule that the plaintiff in a replevin action is never entitled to double recovery of both possession and value. The Court distinguished between an action which proceeds under the alternative method of replevin, the possession of the property remaining with the defendant, and that which proceeds upon the issuance of a writ of replevin. The former entitles a successful plaintiff to a judgment for possession only, while the latter entitles him to a judgment for possession and value, although he must elect to satisfy one or the other, but not both. The case is clearly distinguishable by the fact that the plaintiff sued for full value of the property, not merely a portion thereof.
American Employers', supra, simply held that on default by a conditional vendee, where one or more installments have been paid, the conditional vendor may not sue for the full purchase price, but may repossess the property or sue for the balance of the purchase price. There is no mention of an action for delinquent installments only.
The remaining issues concerning the procedure and entry of the summary judgments are without merit and present no basis for conflict jurisdiction.
*165 Having concluded that no conflict has been demonstrated, the writ of certiorari previously issued is discharged.[2]
It is so ordered.
ADKINS, C.J., and BOYD and OVERTON, JJ., concur.
ROBERTS, J., concurs only in judgment discharging writ.
NOTES
[1] In a prior appearance of this case before this Court, Encore, Inc., v. Olivetti Corp., 277 So.2d 263 (Fla. 1973), we noted that after repossessing the 214 machines, the respondent sold 156 of them for approximately $90,000, with the remaining 58 machines having a market value of at least $35,000. Since the respondent apparently could have sold the remaining 58 unsold machines for their market value and thereby recover a satisfaction greater than his money judgment before the pending appeals were resolved, we ordered the entry of a supersedeas and stay of the supplementary proceedings pending the appeal.
[2] Although our conclusion that no conflict has been demonstrated disposes of this matter, we note that the Code has apparently abrogated the doctrine of election of remedies. See Swindel, supra. For example, F.S. § 679.9-504 provides that a secured party after default may sell the collateral pledged in payment of the debt and, unless otherwise agreed, the debtor is liable for any deficiency. Moreover, the Code has explicitly stated that the over, the Code has explicitly stated that the location of title of the property, which is the basis of the election doctrine, no longer controls the rights and remedies of the parties under the Article on secured transactions. (F.S. § 679.9-102 clearly provides that a conditional sale agreement gives rise to a security interest which is governed by F.S. Ch. 679.) The comments to F.S. § 679.9-101, F.S.A., declare: "This Article does not determine whether `title' to collateral is in the security party or in the debtor and adopts neither a `title theory' nor a `lien theory' of security interests." Again, F.S. § 679.9-202 states: "Each provision of this chapter with regard to rights, obligations and remedies applies whether title to collateral is in the secured party or in the debtor." Therefore, pursuant to the Code, an assertion of the right to possession under F.S. § 679.9-503, or of a right to foreclose under F.S. § 679.9-501(1) could be made regardless of the location of title. The comments to F.S. § 679.9-501, F.S.A., opine that subsection 1, which provides that the rights and remedies referred to therein are cumulative is a departure from the election of remedies rule.

See also 29A, Fla.Jur. Secured Transactions, § 312 at 35 (discussion of the Code's dispensation with the necessity of electing which remedy to pursue with respect to conditional sales).
The Article on sales, F.S. Ch. 672, also addresses the election doctrine. See 28 Fla.Jur. Sales, § 178 at 642. Where Ch. 679 deals with the right of a secured party upon default, Ch. 672 deals with the rights of an unsecured party upon default. F.S. § 672.2-703 catalogs the seller's remedies against the buyer upon default. Although this section rejects the election doctrine (see comments to F.S. § 672.2-703, F.S.A.), an action for reclamation of the goods sold on credit when the buyer defaults is apparently not available to the seller, except in limited situations where the buyer is insolvent (F.S. § 672.2-702).