QUESTIONS: 1. Is the State Board of Cosmetology required to collect the $10 fee for the issuance of a certificate of registration to practice cosmetology as a master cosmetologist as provided for under s. 477.17(1)(f), F. S., from a person who holds a valid unexpired cosmetologist license at the time he becomes qualified to receive a certificate of registration as a master cosmetologist under s. 477.06(1)(c) or (f), F. S.? 2. If such person under the circumstances referred to above is required to pay the $10 issuance fee for "upgrading" his license, is he to be given any credit towards such fee for the unexpired portion of his existing unexpired cosmetologist license which he would presently be holding?
SUMMARY: Section 477.17(1)(f), F. S., requires the State Board of Cosmetology to collect the $10 fee for issuance of certificates of registration to practice cosmetology as master cosmetologists from those persons holding active unexpired cosmetologist certificates regardless of whether they qualify for certification as master cosmetologists pursuant to s. 477.06(1)(c) or (f), F. S., and the board is without authority to credit to those cosmetologists receiving certification as master cosmetologists any portion of the fee previously submitted for registration as cosmetologists pursuant to s. 477.17(1)(m), F. S. Section 477.06, F. S., sets out, among other things, the requirements and qualifications that a practicing cosmetologist must meet in order to apply for a certificate of registration as a master cosmetologist. A licensed cosmetologist is offered two options in obtaining the master cosmetologist certification. Section 477.06(1)(c) provides that a cosmetologist: [w]ho has practiced as a registered cosmetologist for a period of not less than 24 nor more than 36 months under the immediate supervision of a registered master cosmetologist, and in a salon in which a majority of the practices of cosmetology are engaged in; and who files an application for certification as a master cosmetologist within the 36-month period may be considered for such certification. Additionally, s. 477.06(1)(f), F. S., provides: . . . that as an alternative to the procedure set forth in this section, any person who has practiced as a cosmetologist for a period of not less than 12 months under the immediate supervision of a registered cosmetologist is qualified to receive a certificate of registration to practice cosmetology as a master cosmetologist upon passing a satisfactory practical examination conducted by the board to determine his or her fitness to practice cosmetology. . . . Section 477.17(1)(f), F. S., provides that the fee for the issuance of a certificate of registration to practice cosmetology as a master cosmetologist shall be $10. Both s. 477.06(1)(c) and s. 477.06(1)(f), supra, expressly require that an applicant for certification as a registered master cosmetologist must be a practicing cosmetologist for a minimum specified time prior to seeking such certification as a master cosmetologist. Certification by the board as a cosmetologist pursuant to s. 477.07, F. S., is required in order for a person to lawfully be practicing cosmetology as a cosmetologist in this state. The language and intent of the Legislature, as expressed in s. 477.17(1)(f), is clearly to require that all cosmetologists who meet the qualifications set out in s. 477.06(1)(c) and (f) for certification by the board as master cosmetologists shall pay the fee of $10 each to the board for issuance of their certificates of registration to practice cosmetology as master cosmetologists. The primary guide to statutory interpretation is to determine the purpose of the Legislature, to ascertain the legislative will, and to carry that intent into effect to the fullest degree. Tyson v. Lanier, 156 So.2d 833 (Fla. 1963); Bill Smith, Inc. v. Cox,166 So.2d 497 (Fla.App. 1964); Gracie v. Deming, 213 So.2d 294
(Fla.App. 1968); In re Estate of Jeffcott, 186 So.2d 80 (Fla.App. 1966). Where the language of a statute is plain and unambiguous and conveys a clear and definite meaning, the plain and obvious provisions must control. Ryder Truck Rental, Inc. v. Bryant,170 So.2d 822 (Fla. 1964); State v. Stuler, 122 So.2d 1 (Fla. 1960); Phil's Yellow Taxi Co. v. Carter, 134 So.2d 230 (Fla. 1961). If the language of the statute is clear and admits of only one meaning, the Legislature should be held to have intended what it has plainly expressed. Ervin v. Peninsular Tel. Co., 53 So.2d 647
(Fla. 1951); Ross v. Gore, 48 So.2d 412 (Fla. 1950); Armistead v. State, 41 So.2d 879 (Fla. 1949). Your first question is therefore answered in the affirmative. The fee for the renewal of certificates of registration to practice cosmetology as cosmetologists is provided for in s. 477.17(1)(m), F. S. In accord with s. 477.21, F. S., such moneys are deposited and expended pursuant to the provisions of s. 215.37, F. S., as amended by Ch. 75-201, Laws of Florida. No provision of Ch. 477, F. S., authorizes the board to credit a portion of an unexpired certificate of registration fee toward the statutorily established fee required to be submitted for issuance of a certificate of registration for another designation of competence within the chapter. When a registrant submits his application for renewal, accompanied by the statutory fee, and the board initiates its procedures whereby the renewal certificate is processed and subsequently issued, the statutory fee is thereby earned and due, and, absent any statutory directive to the contrary, the board is without authority to refund or otherwise credit the registrant for any unused portion of the certificate on a pro rata time basis or otherwise. See AGO 075-293. It is a well-known principle of law that administrative bodies have no common law powers; they are creatures of the Legislature and what powers they have are limited to the statutes that create them. State ex rel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628 (1 D.C.A. Fla., 1974), cert. dismissed, 300 So.2d 900; City of Cape Coral v. G.A.C. Utilities, Inc., of Florida, 281 So.2d 493 (Fla. 1973); Florida Industrial Commission v. National Trucking Company,107 So.2d 397 (1 D.C.A. Fla., 1958); St. Regis Paper Co. v. State of Florida, Florida Air and Water Pollution Control Commission,237 So.2d 797 (1 D.C.A. Fla., 1970). If there is reasonable doubt as to the lawful existence of a particular power which is being exercised by an administrative agency, the further exercise of the power should be arrested. State ex rel. Greenberg, supra; State v. Atlantic Coast Line Railroad Company, 47 So. 969 (Fla. 1908). An administrative agency's powers, duties, and authority are those and only those conferred expressly or impliedly by statute of the state. City of Cape Coral, supra; State ex rel. Burr v. Jacksonville Terminal Co., 71 So. 474 (Fla. 1916); City of West Palm Beach v. Florida Public Service Commission, 223 So.2d 322
(Fla. 1969); Southern Gulf Utilities, Inc. v. Mason, 166 So.2d 138
(Fla. 1964). Your second question is therefore answered in the negative.