## SOUTHEAST BANK, N.A. v. McNICKLES and TOYOTA AUTO RENTAL

## Case No. 83-147 AP

Eleventh Judicial Circuit, Appellate Division, Dade County
January 16, 1985

### APPEARANCES OF COUNSEL

**J. Robert Olian** for appellant.

**Tony Blaty** for appellee, Toyota.

**David McNickles,** in proper person.

Before NADLER, SALMON, and LANTZ, JJ.*

* Judge Lantz did not participate in this Opinion due to his resignation. Judge Gerald Kogan was substituted in his place without participating in oral argument.

## OPINION OF THE COURT

NADLER, J.

The lower court dismissed this case on the ground that the Plaintiff-Appellant breached its "judiciary responsibility" to its customer in failing to assist Defendant-Appellee in securing from the Third Party Defendant-Appellee (Toyota Auto Rental, Inc.) the quality of the work he desired.

This case presents only one question, whether a creditor is entitled to the recovery of costs and a deficiency after repossessing an automobile upon default of payment.

A secured creditor upon default by a debtor is entitled to full payment fo the debt owed. *Swindel v. General Finance Corp. of Florida,* 265 So.2d 393 (1st DCA).

Additionally, on the authority of *Lake City Auto Finance v. Waldron,* 83 So.2d 877 (Supreme Court of Florida), the Defendant-Appellee's equitable interest in the automobile and the insurance payment became extinguished once he defaulted on payments. Since the Plaintiff-Appellant had sole interest in the automobile, the Defendant-Appellee illegally converted the insurance proceeds.

REVERSED with instructions to enter Judgment for the Plaintiff-Appellant and against the Defendant-Appellee (McNickles).