300 So.2d 68 (1974)
Steven C. LANGE, Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE CO. et al., Appellees.
No. U-107.
District Court of Appeal of Florida, First District.
September 12, 1974.
*69 Paul R. Stern, of Stern, Bernardini & Chiumento, Daytona Beach, for appellant.
Richard B. Rosier, of Sands, Smalbein, Eubank, Johnson, Rosier & Bussey, Daytona Beach, for appellees.
JOHNSON, Judge.
Appellant, an automobile accident victim, seeks reversal of an order dismissing with prejudice that portion of his third amended complaint which sought declaratory and other relief against his own insurance carrier.
The driver of the vehicle in which appellant was a passenger carried liability insurance in the same amount as appellant's uninsured motorist coverage. It was alleged in that portion of the complaint against appellant's own insurance carrier that the driver did not carry sufficient liability insurance to compensate appellant for his damages and appellant alleged doubts as to whether he could collect under both the driver's policy and his own policy by claiming that the driver was an uninsured or underinsured motorist. Appellant further alleged doubt as to the extent of coverage permitted by Florida Statutes § 627.727 and as to his rights under an insurance certificate which did not specify the limits of liability for uninsured motorist coverage, while the policy itself set said limit at $10,000.00/$20,000.00. The trial court dismissed with prejudice that portion of the complaint against appellant's insurer for the reason that there was no possibility of construction of the certificate of insurance which would suggest the existence of any underinsured motorist coverage.
After hearing oral argument in this cause and carefully examining the record on appeal and the briefs submitted by counsel for the parties, we conclude that the trial court was correct in dismissing the portion of the complaint against the appellant's own insurance carrier. There is no bona fide dispute as to a present justiciable issue so as to afford appellant grounds for declaratory relief.
There is nothing which requires a certificate of insurance to state the limits of uninsured motorist coverage. Nor is there any reason to believe that the uninsured motorist coverage, which the certificate states to be included in each plan, would equal the limit of liability under the plan selected by an insured. Since the driver was insured for the minimum required by law at the time of the accident, he can not be considered an uninsured motorist under appellant's policy. See Golphin v. Home Indemnity Company, 284 So.2d 442 (Fla.App. 1st, 1973). We note in passing that appellant's "doubts" regarding the concept of underinsurance protection, which did not become effective until after the date of the accident herein (Laws of Florida, Ch. 73-180), is irrelevant for the reason that the uninsured motorist coverage provided under appellant's policy is exactly for the same amount as the liability *70 coverage carried by the driver. See Government Employees Insurance Company v. Butt, 296 So.2d 599 (Fla.App. 3rd, 1974).
For the reasons herein stated, appellant was not entitled to declaratory relief and the trial court's order dismissing that portion of the third amended complaint is Affirmed.
The appellant's motion for attorney's fees is denied.
Affirmed.
RAWLS, C.J., and McCORD, J., concur.