307 So.2d 235 (1975)
Azalene SUMMERS and D. S. Summers, Her Husband, Appellants,
v.
Emanuel JACKSON et al., Appellees.
No. 73-977.
District Court of Appeal of Florida, Fourth District.
January 31, 1975.
Council Wooten, Jr., of Billings, Frederick Wooten & Honeywell, Orlando, for appellants.
*236 James W. Markel of Graham & Markel, Winter Park, for appellees.
DOWNEY, Judge.
Plaintiffs Azalene Summers and D.S. Summers, her husband, appeal from a final judgment dismissing their amended complaint with prejudice as to the appellee Reserve Insurance Company.
Appellants were involved in an automobile accident with one Jackson wherein Mrs. Summers received severe bodily injuries. The amended complaint filed by Mr. and Mrs. Summers named as defendants Jackson, Standard Guaranty Insurance Company (Jackson's insurance carrier), and Reserve Insurance Company (appellants' insurance carrier). The complaint alleges that Jackson's insurance policy with Standard Guaranty afforded basic limits for bodily injury of $10,000 for each person and $20,000 for each accident. The Summers' policy with Reserve Insurance Company provided basic limits for bodily injury, $1,000 medical payments, and uninsured motorist coverage of $10,000 for each person and $20,000 for each accident.
Count III of said amended complaint (the only count directed to Reserve Insurance Company) alleges that appellants were insureds under the excess uninsured motorist provision of their policy; that since the tortfeasor Jackson was insured for only basic limits, $10,000 as to appellant Azalene Summers, Jackson is an "under" insured motorist as to Azalene Summers entitling her to recover under her own uninsured motorist coverage with Reserve for the excess of her damages over the coverage afforded by Jackson's policy with Standard Guaranty. The trial court granted a motion to dismiss filed by Reserve Insurance Company and dismissed the amended complaint with prejudice as to Reserve.
Appellants contend that their policy with Reserve was renewed after January 1, 1972, at which time § 627.727(1), F.S. 1971, was effective. Said section provides, among other things:
"The coverage provided under this section shall be excess over but shall not duplicate the benefits available to an insured under any workmen's compensation law, disability benefits law, or any similar law; under any automobile liability or automobile medical expense coverages; or from the owner or operator of the uninsured motor vehicle...."
They also point to the terminology of the Reserve policy which changed the name of the coverage in question from "uninsured motorist" coverage to "excess uninsured" motorist coverage.
The theory upon which appellants proceed may have been novel when conceived. However, effective October 1, 1973, the legislature amended § 627.727(2)(b), F.S., to provide that a person injured in an automobile accident with a tortfeasor whose insurance is inadequate to cover all of the insured person's damages may recover from his or her own carrier under the uninsured motorist provision of the injured person's policy to the extent the limits of said uninsured motorist coverage exceed the limits of the tortfeasor's policy. Of course that was not the law on May 8, 1972, when this accident took place, and Chapter 73-180, Section 5, indicates that the amendment of § 627.727(2)(b), is to be prospective. But even if it had been the law on that date no benefits would have been provided for appellants because the limits of their uninsured motorist coverage did not exceed the liability coverage limits of the tortfeasor's policy. On the date of this accident appellants' uninsured motorist coverage was not involved because the tortfeasor was not an uninsured motorist. Lange v. State Farm Mutual Automobile Ins. Co., Fla.App. 1974, 300 So.2d 68.
Finally, appellants' reliance upon § 627.727(1), F.S. 1971, to the effect that the coverage provided under that section shall *237 be excess over but shall not duplicate other benefits such as any automobile liability coverage is misplaced. We construe that provision to mean that an injured party's uninsured motorist coverage is to be excess over but shall not duplicate the injured party's personal injury protection benefits, medical payments, etc., contained in said party's policy. But in all events such excess coverage provision only comes into play when the tortfeasor is driving an uninsured motor vehicle. The tortfeasor here was driving a motor vehicle which at the time of the collision was an insured motor vehicle.
Accordingly, the trial judge correctly entered a final judgment dismissing appellee Reserve Insurance Company from the cause with prejudice.
Affirmed.
MAGER, J., and FISCHER, GENE, Associate Judge, concur.