320 So.2d 38 (1975)
AMERICAN FIRE AND CASUALTY COMPANY, Appellant,
v.
Joyce Ann DAWSON, a Minor, by Her Mother and Father and Next Friends, et al., Appellees.
No. 74-877.
District Court of Appeal of Florida, Second District.
October 15, 1975.
*39 Ira Wm. McCollum, Jr., of Pitts, Eubanks, Ross & Rumberger, Orlando, for appellant.
Joe R. Young, Jr., of Bradley, Johnson, Nelson, Young & Horton, Lake Wales, for appellees.
HOBSON, Judge.
This appeal seeks review of the order of the trial court denying the motion of American Fire and Casualty Company to dismiss the suit for declaratory judgment as to it and determining that the phrase from § 627.727(1), Florida Statutes, as amended by Chapter 71-88, Laws of Florida 1971, which reads, "The coverage provided under this section shall be excess over but shall not duplicate the benefits available to an insured ... under any ... automobile liability ... coverages ..." means that if an insured's damages exceed the coverage available under another liability insurance policy (tort-feasor's), then the insured's own uninsured motorist's coverage would be available as "excess over" to the extent the insured's damages are in excess of the tort-feasor's liability coverage, or in other words, the said phrase made uninsured motorist's coverage "under-insured motorist's" coverage.
The same identical question was considered in Summers v. Jackson, Fla.App.4th 1975, 307 So.2d 235. The Summers case was not published at the time the eminent trial judge in the case sub judice entered his order. It was held in Summers as follows:
"Finally, appellants' reliance upon § 627.727(1), F.S. 1971, to the effect that the coverage provided under that section shall be excess over but shall not duplicate other benefits such as any automobile liability coverage is misplaced. We construe that provision to mean that an injured party's uninsured motorist coverage is to be excess over but shall not duplicate the injured party's personal injury protection benefits, medical payments, etc., contained in said party's policy. But in all events such excess coverage provision only comes into play when the tortfeasor is driving an uninsured motor vehicle. The tortfeasor here was driving a motor vehicle which at the time of the collision was an insured motor vehicle."
See also Lange v. State Farm Mutual Automobile Insurance Company, Fla.App. 1st 1974, 300 So.2d 68.
Accordingly, the order appealed is
Reversed.
McNULTY, C.J., and GRIMES, J., concur.