332 So.2d 644 (1976)
Bethina WASHINGTON, Appellant,
v.
The FIRST NATIONAL BANK OF MIAMI, an Association Organized under the Laws of the United States, Appellee.
No. 75-1189.
District Court of Appeal of Florida, Third District.
May 25, 1976.
Feldman & Abramson and Jose Smith, Miami, for appellant.
Dixon, Dixon, Lane & Mitchell, Friedman, Britton & Stettin and James T. Haley, Miami, for appellee.
Before HAVERFIELD and NATHAN, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
Defendant, co-signer, appeals a deficiency judgment for $2,638.62 in favor of The First National Bank of Miami entered after the sale of a repossessed automobile.
Bethina Washington, appellant, co-signed an installment sales contract with Claudette Washington when Claudette purchased a 1972 Chevrolet. The contract was assigned to The First National Bank of Miami and when Claudette defaulted on the payments, the Bank filed a complaint to recover the unpaid balance. A final default judgment was entered, but vacated when the judge ruled prior to the clerk's entry of a default. After institution of the suit, the car was repossessed and sold by the Bank. Thereafter, the Bank filed a second amended complaint claiming money damages for a deficiency after the sale. Bethina *645 counterclaimed for abuse of process and violation of statutory created rights alleging that the Bank failed to give her notice of the repossession and sale of the automobile. The counterclaim was dismissed and the cause proceeded to non-jury trial. The judge entered final judgment in favor of the Bank in the sum of $2,638.62 principal and interest, $100 as court costs and $485 for a reasonable attorney's fee.
Appellant contends that the court erred in entering the deficiency judgment because the Bank failed to give her notice of the intended sale of the repossessed automobile. We find this point well taken.
We hold that before a secured party can obtain a deficiency against a debtor or cosigner of an installment sales contract, the debtor must be given notice of what is about to occur. See § 679.9-504(3),[1] Fla. Stat., F.S.A. and Turk v. St. Petersburg Bank and Trust Company, Fla.App. 1973, 281 So.2d 534; Hepworth v. Orlando Bank & Trust Company, Fla.App. 1975, 323 So.2d 41. The Bank failed to give the required notice of the sale to the appellant and although the bank was permitted by statute to dispose of the collateral (repossessed automobile) without judicial process or notice to the appellant, it was not entitled to a deficiency against the appellant who was not so notified. Appellant's remaining two points have no merit.
Reversed.
NOTES
[1] "(3) Disposition of the collateral may be by public or private proceedings and may be made by way of one or more contracts. Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms but every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable. Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor, and except in the case of consumer goods to any other person who has a security interest in the collateral and who has duly filed a financing statement indexed in the name of the debtor in this state or who is known by the secured party to have a security interest in the collateral. The secured party may buy at any public sale and if the collateral is of a type customarily sold in a recognized market or is of a type which is the subject of widely distributed standard price quotations he may buy at private sale."