Lowell W. FARMER and Wilma Jean
Farmer, husband and wife,
Plaintiffs-Appellants,

v.

TRAVELERS INDEMNITY COMPANY,
Defendant-Appellee.

No. 76–1537
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 27, 1976.

John B. Cechman, Fort Myers, Fla., for
plaintiffs-appellants.

A. C. Shields, III, Sarasota, Fla., for de-
fendant-appellee.

Before AINSWORTH, CLARK and RO-
NEY, Circuit Judges.

RONEY, Circuit Judge:

In this Florida diversity action, plaintiff,
injured in an automobile accident, seeks to
recover against the uninsured motorist pro-
vision of her own policy for bodily injury
damage which exceeded the insurance lia-
bility coverage of the offending driver.

Although plaintiff settled with the ad-
verse carrier for $8,500, the coverage being
$10,000, her alleged damages amounted to
$250,000. Since the adverse motorist was
not sufficiently insured to cover her alleged
damages, plaintiff claims the uninsured mo-
torist provisions of her own policy should
cover the difference up to the amount of its
coverage.

Plaintiff would have won her case before
Judge Charles Scott of the Middle District
of Florida in 1975. *Townsley v. Hartford*

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir.,
1970, 431 F.2d 409, Part I.

*Accident & Indemnity Co.,* No. 74–49 Civ. J–S (M.D.Fla., January 15, 1975). That decision was certified for appeal to us pursuant to 28 U.S.C.A. § 1292(b), but the appeal was not pursued. At that time there were no authoritative Florida decisions in point.

By the time plaintiff filed her complaint in federal court, however, two Florida appellate courts had resolved the issue against her position. *Summers v. Jackson,* 307 So.2d 235 (4th D.C.A.Fla.1975); *American Fire & Casualty Co. v. Dawson,* 320 So.2d 38 (2nd D.C.A.Fla.1975). District Judge Ben Krentzman properly held that these cases control the Florida substantive law in this diversity case. *Erie R. R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1937); *Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965); *Falcon v. Auto Buses Internacionales,* 418 F.2d 673 (5th Cir. 1969). Florida Statute § 627.727 (1971), in effect at the time of the accident, controls. The two Florida intermediate appellate courts have held that under circumstances such as these that statute does not provide for recovery under the uninsured motorist coverage of plaintiff's policy.

Our only alternative to affirming the dismissal on motion of plaintiff's complaint would be to certify the question to the Florida Supreme Court. The decision to certify is discretionary with this Court. We decline to certify in this case. Although not all Florida District Courts of Appeal have decided the question and the matter may be finally resolved as a matter of Florida law by the Florida Supreme Court, the Second District Court of Appeal has decided the matter. *American Fire & Casualty Co. v. Dawson, supra.* A state action by this Lee County plaintiff would have been reviewed by the Second District. Undoubtedly the trial court and the Second District would have followed the recent Second District opinion. Thus, the same law has been applied in federal court as would have been applied in the specific courts available to plaintiff in the state system.

Further, plaintiff filed the suit in federal court. It is not the proper office of the certification procedure to permit a party, by choosing a federal over a state forum, to get the Florida Supreme Court's attention through this Court to issues which that Court has refused to accept from state litigants. This Court has previously spoken of the value to the administration of justice of the Florida Supreme Court's permitting the certification procedure. *See, e. g., Allen v. Estate of Carman,* 446 F.2d 1276 (5th Cir. 1971), *on certification,* 281 So.2d 317 (Fla. 1973), *on receipt of answers to certification,* 486 F.2d 490 (5th Cir. 1973). We do not intend to abuse that privilege by certifying every state law question which has been authoritatively decided by a Florida District Court of Appeal.

AFFIRMED.