PEARSON, Judge
(dissenting).
Although I agree that we are bound to our prior holding by all the rules of consistency, I must express what I feel is the proper construction of the statute. If the legislature had intended coverage under these facts, they could have provided that uninsured motorist coverage would exist when the liability insurer of the tortfeasor
provided limits of bodily injury liability to the injured person which are less than the limits applicable to the injured person provided under his uninsured motorist’s coverage.
The legislature chose not to do that, but rather chose to make the test one of whether the liability insurer of the tortfeasor
“. . . provided limits of bodily injury liability for its insured which are less than the limits applicable to the injured person provided under his uninsured motorist’s coverage.” [emphasis added]
The tortfeasor, by having liability insurance limits in the same amount as the limits of Del Toro’s uninsured motorist liability limits, cannot be considered an uninsured motorist under the statute or policy of insurance.
Adequate compensation is not the test to determine whether uninsured motorist coverage exists. The courts should follow the clear meaning of a statute and must not insert words or ideas in the court’s search for what it conceives to be the justice of the situation. See In Re Levy’s Estate, 141 So.2d 803 (Fla. 2d DCA 1962); and Vocelle v. Knight Brothers Paper Company, 118 So.2d 664 (Fla. 1st DCA 1960). This view is supported by the reasoning of the District Court of Appeal in Lange v. State Farm Mutual Automobile Insurance Co., 300 So.2d 68 (Fla. 1st DCA 1974). See also Summers v. Jackson, 307 So.2d 235 (Fla. 4th DCA 1975).