HOBSON, Judge.
Appellant American Fire and Casualty Company appeals on interlocutory, post-decretal order granting appellee’s motion for relief from final order pursuant to Florida Rule of Civil Procedure 1.540(b)(5) and setting aside an order of dismissal as to American Fire and Casualty Company dated November 5, 1975. We reverse.
The facts of this appeal are simple. Before our supreme court handed down its opinion in Williams v. Hartford Accident & Indemnity Co., 382 So.2d 1216 (Fla.1980), several decisions from the district courts of appeal had held that uninsured motorist benefits were available only where the tort-feasor was uninsured and not merely unde-rinsured. We so held in this case several years ago. American Fire & Casualty Co. v. Dawson, 320 So.2d 38 (Fla.2d DCA 1975). Accordingly, we ordered the trial court to dismiss appellant from this action, which it did in 1975.
Williams “disapproved” the earlier cases, including our opinion in this case. Appellee promptly moved the trial court, under Florida Rule of Civil Procedure 1.540(b)(5), to set aside its 1975 order, thus exhuming and rekindling the case against appellant.[1]
*850 Initially, the trial court denied appellees’ motion, but after rehearing entered an order granting the motion. That order had the effect of vacating and setting aside the final order of dismissal as to American Fire and Casualty Company.
In paragraph 8 of the subject order, the trial court stated that rule 1.540(b) “gives the court a grand reservoir of equitable power to do justice in a particular case, Pierce v. Cook and Company, 518 F.2d 720 (10th Cir. 1975), (discussing the federal counterpart Rule 60[b]).” Again, in paragraph 14, the trial court referred to the case of Pierce v. Cook and stated that that case was an “analogous situation under Rule 60[b], Federal Rules of Civil Procedure, the counterpart of Florida’s 1.540(b).”
While it is true that Federal Rule 60[b] is substantially the same as Florida Rule 1.540(b), the federal rule provides an additional ground in subsection (b)(6) for “any other reason justifying relief from the operation of a judgment.” This subsection bestows upon the federal courts a much broader base upon which to grant relief. The Florida rule restricts the state courts to those reasons and circumstances set forth in the rule. In other words, a Florida order is entitled to finality unless it falls strictly under one of the exceptions set forth in the rule.
For the reasons stated, we hold that the trial court erred in granting appellees’ motion for relief from final order.
REVERSED.
SCHEB, C. J., and DANAHY, J., concur.

. Florida Rule of Civil Procedure 1.540(b)(5) provides that the court may relieve a party from a final judgment where “a prior judgment or decree upon which it is based has been reversed or otherwise vacated or it is no longer equitable that the judgment or decree should have prospective application.”
As a matter of semantics, an appellate court decision is “disapproved” when the supreme court decides a completely unrelated case and finds that the precedents on which that case was argued are incorrect. When the supreme court “disapproved” our opinion in American Fire & Casualty Co. v. Dawson, it did so in a *850 case with which the present parties were not involved. Thus, the prior judgment was not “reversed or otherwise vacated,” as required in subsection (b)(5). Moreover, our prior opinion did not have “prospective application” in order to bring it within the last exception to subsection (b)(5).