431 So.2d 226 (1983)
N.G. HAYES, Jr., Appellant,
v.
RING POWER CORPORATION, a Florida Corporation, Appellee.
No. AM-92.
District Court of Appeal of Florida, First District.
May 4, 1983.
Rehearing Denied June 3, 1983.
*227 David LaCroix of Sieg, Comfort, Hawk, LaCroix & Reid, Gainesville, for appellant.
Paul M. Harden of Smith, Davenport, Bloom & Harden, Jacksonville, for appellee.
NIMMONS, Judge.
Appellant Hayes appeals from the entry of summary judgment in favor of appellee Ring Power Corporation in an action for a deficiency judgment following the repossession and sale of a D6C Caterpillar tractor. We reverse.
Hayes purchased a new Caterpillar tractor in December, 1980, from Ring Power Corporation, a heavy equipment dealer, for approximately $119,000 pursuant to a contract under which Ring Power retained a purchase money security interest for the unpaid balance. Hayes was unable to make any payments on the tractor and, after several months, it was returned to Ring Power in April, 1981. Ring Power's Ocala branch manager, Mr. Hilliard, agreed to hold the equipment for a while to allow Hayes time to pay the delinquent installments. However, Hayes was unable to do so. On June 5, 1981, Hayes received written notification by certified mail from Ring Power advising him that "after June 12, 1981, this company will dispose of the equipment by public sale." After receiving the notice, Hayes had a conversation with Hilliard in which Hayes inquired as to what would happen if he could not pay all of the delinquent installments. After checking with his superior in Jacksonville, Hilliard advised Hayes that if no one else appeared at the sale, Ring Power would purchase it and "zero it out," meaning Ring Power would bid whatever was owed on it.
Hayes was never advised of any additional information regarding the public sale including the date or place of such sale. Ring Power subsequently purchased the tractor for a cash price of $80,000. Ring Power was the sole bidder at the sale which was attended by one other interested person although such person did not submit a bid. There was no evidence before the court of any efforts to advertise the public sale or to notify prospective bidders. Ring Power then filed this action to recover from Hayes a deficiency in the sum of $37,882.25. Each party filed a motion for summary judgment. The court denied Hayes' motion and entered summary judgment in favor of Ring Power in the above sum plus interest.
Before qualifying for a deficiency, Ring Power was obligated to show that it had complied with the requirements of Section 679.504(3), Florida Statutes, regarding disposition of the tractor. That section provides in pertinent part:
(3) Disposition of the collateral may be by public or private proceedings... . [E]very aspect of the disposition including the method, manner, time, place, and terms must be commercially reasonable. Unless collateral ... is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor if he has not signed after default a conspicuous statement renouncing or modifying his right to notification of sale... . The secured party may buy at any public sale and, if the collateral is of a type customarily sold in a recognized market or is of a type which is the subject of widely distributed standard price quotations, he may buy at private sale.
Ring Power's June 5, 1981, written notification informed Hayes that the collateral would be sold at "public sale in compliance with Section 679.9-504(3), Florida Statutes."
*228 As recognized in Washington v. First National Bank of Miami, 332 So.2d 644 (Fla. 3rd DCA 1976), the statute is designed to give the debtor "notice of what is about to occur." Deficiency judgments after repossession of collateral being in derogation of the common law, any right to a deficiency accrues only after strict compliance with the applicable statutes. E.g. Turk v. St. Petersburg Bank and Trust Company, 281 So.2d 534, 536 (Fla. 2nd DCA 1973). The statute clearly requires that the debtor be notified of the time and place of any public sale unless the collateral "is of a type customarily sold on a recognized market."[1] Hayes was not so notified.
Apparently, in an effort to avoid the failure of Ring Power's notice to comply with the statute's command that the creditor notify the debtor of the time and place of the public sale, Ring Power now asserts that this was really a private sale with respect to which the statute only required "notification of a time after which any private sale" was to be made. Ring Power advances the curious argument that the subject sale had to be a private sale because a public sale can only be "conducted by a public official or state officer." No authority is cited in support of that novel proposition which we have no difficulty rejecting. See Annot., 4 A.L.R.2d 575 (1949). In any event, Ring Power never notified Hayes that it was going to sell the collateral privately instead of the method described in the June 5 notification letter. Hayes was, therefore, entitled to assume that Ring Power would conduct a commercially reasonable public sale which would be adequately advertised in order to maximize the chances of attracting as many prospective bidders as possible. Of course, Ring Power was perfectly free to "switch horses" and hold a private sale contrary to its notice to Hayes. But, Ring Power was not then entitled to seek a deficiency.
Even if Ring Power were entitled to have its rights determined by private sale standards, it would fare no better. Whereas the secured party may purchase the collateral at a public sale, he may do so at private sale only "if the collateral is of a type customarily sold in a recognized market or is of a type which is the subject of widely distributed standard price quotations...." Section 679.504(3), Fla. Stat. Moreover, under the statute, any such sale must further meet the test of commercial reasonableness. Ring Power asserts that it was entitled to purchase the subject used tractor at private sale because it was the type collateral described above. We reject that position. Ring Power's Branch Manager Hilliard testified that there was no "daily price quotation" for equipment such as the subject used tractor, that "market conditions fairly well dictate what equipment [of this kind] is bought and sold for," that determining a price for equipment such as this would be "very difficult," that the best thing to do would be "to contact a dealer that deals in used or new Caterpillar equipment," and that the price varies a great deal based upon the condition of the equipment. Hilliard also testified that the only published references with which he was familiar regarding value of equipment such as this are "various auction value publications that are available that would tell you what the last bid was on a given piece of used equipment at an auction throughout the United States" and that "it gives you the last bid that occurred at a public auction."
The undisputed facts in this case fall far short of demonstrating that the used tractor was the type collateral which the framers of Section 679.504(3) contemplated that the secured party would be entitled to purchase at private sale. In Turk v. St. Petersburg Bank and Trust Company, 281 So.2d 534 *229 (Fla. 2nd DCA 1973), the court observed:
[A]utomobile auctions should not be construed as a "recognized market" under F.S. § 679.504(3), F.S.A. See, One Twenty Credit Union v. Darcy, 5 U.C.C R.S. 792 (Mass. App. 1968). Although such auctions do not present some of the evils intended to be prevented by the statute, it seems reasonable to limit the definition of "recognized market" to widely recognized stock and commodity exchanges which are regulated in some substantial way. This will prevent nearly all of the evils while imposing only a slight notice burden on creditors in order to obtain their deficiency judgments.
In view of the necessity for reversal by reason of the above-referred substantial and material failure by Ring Power to conform to the requirements of Section 679.504(3), we need not lengthen this opinion by a discussion regarding the related statutory requirement that such sales, whether public or private, must satisfy the test of commercial reasonableness.
For the reasons enunciated herein, Ring Power was not entitled to summary judgment and we, therefore, reverse that judgment. With respect to Hayes' motion for summary judgment, we hold that there is no genuine issue of material fact and that Hayes is entitled to judgment as a matter of law. We, therefore, reverse the order denying his motion and remand with directions to grant Hayes' motion and to enter judgment in his favor.
Reversed and remanded.
BOOTH and WIGGINTON, JJ., concur.
NOTES
[1] Counsel for Ring Power has not claimed, either on appeal or in the trial court, that the statutory requirement of notification of the sale should have been excused by reason of the collateral being of "a type customarily sold on a recognized market," an exception to notification under Section 679.504(3). However, since Ring Power has claimed in this case the right to purchase at private sale, an exceptional right accorded creditors by the statute where the collateral is of "a type customarily sold on a recognized market," we do treat in this opinion, infra, the question of whether the subject collateral should fall within that classification.