**PEOPLES BANK OF POLK COUNTY, Plaintiff-Appellee, Cross-Appellant**

v.

**Arlis L. ROBERTS and Nadine Roberts, his wife, Defendants-Appellants, Cross-Appellees.**

**No. 85–3266.**

United States Court of Appeals, Eleventh Circuit.

Jan. 14, 1986.

John L. Taylor, Jr., Otto F. Feil, III, Atlanta, Ga., Charles C. Lane, Lau, Lane,

Pieper & Asti, Tampa, Fla., for defendants-appellants, cross-appellees.

Gerald M. Taylor, Tampa, Fla., for plaintiff-appellee, cross-appellant.

Before HILL and HENDERSON, Circuit Judges, and TUTTLE, Senior Circuit Judge.

PER CURIAM:

In 1982, the Peoples Bank of Polk County ("the Bank") made two loans to Arlis and Nadine Roberts ("the Roberts") secured by 2,805 shares of stock in the Independent Bank of Florida. In June, 1983, after commencing suit on the notes, the Bank sold the stock for $20.00 per share. The parties stipulated that the Roberts were given no prior notice of the sale and did not waive their right to receive such notice. Following a nonjury trial, the district court awarded the Bank a deficiency judgment in the amount of $92,217.19. The Roberts appeal, claiming the lack of notice barred a deficiency judgment as a matter of law.[1]

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), a federal court in a diversity action must apply the controlling substantive law of the state. In this case, the district court applied Florida law.[2]

The Roberts' right to receive notice of the sale of collateral is governed by Fla. Stat.Ann. § 679.504(3) (West 1985 Supp.) which requires that

Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor if he has not signed after default a conspicuous statement renouncing or modifying his right to notification of sale....

With one exception, every decision of the Florida district courts of appeal holds a creditor's failure to give prior notice of a disposition of collateral bars the creditor's right to a deficiency as a matter of law. *See e.g., Hayes v. Ring Power Corp.*, 431 So.2d 226 (Fla.Dist.Ct.App.1983) (First District); *Dependable Insurance Co. v. Landers*, 421 So.2d 175 (Fla.Dist.Ct.App.1982) (Fifth District); *Washington v. First National Bank of Miami*, 332 So.2d 644 (Fla. Dist.Ct.App.1976) (Third District); *Hepworth v. Orlando Bank & Trust Co.*, 323 So.2d 41 (Fla.Dist.Ct.App.1975) (Fourth District). The Second District Court of Appeal, which would have reviewed this case had it been brought in state court, follows this nearly unanimous rule. *Turk v. St. Petersburg Bank and Trust Co.*, 281 So.2d 534 (Fla.Dist.Ct.App.1973); *Siltzer v. North First Bank*, 445 So.2d 649 (Fla.Dist. Ct.App.1984). Only one case, from the Third District Court of Appeals, follows a different rule. *Ayares-Eisenberg Perrine Datsun, Inc. v. Sun Bank of Miami*, 455 So.2d 525 (Fla.Dist.Ct.App.1984) (Third District) (held Fla.Stat. § 679.507(1) provides the appropriate remedy; debtor entitled to recover any loss caused by secured party's failure to give notice). The Florida Supreme Court has not addressed the issue but we are "bound to adhere to decisions of the state's intermediate appellate courts absent some persuasive indication that the state's highest court would decide the issue otherwise." *Silverberg v. Paine, Webber, Jackson & Curtis, Inc.*, 710 F.2d 678, 690

---

1. The parties also raise issues regarding commercial unreasonableness as a bar to a deficiency, the amount of the judgment and denial of attorney's fees. The basis for our decision makes it unnecessary to address these issues.

2. The parties do not raise any choice of law issue.

(11th Cir.1983). Although the intermediate court decisions are not unanimous, we accept the overwhelming majority rule as controlling state law for two reasons: First, there is no indication the Florida Supreme Court would decide the issue otherwise, and second, it is the law that would have been applied "in the specific courts available to plaintiff in the state system." *Farmer v. Travelers Indemnity Co.*, 539 F.2d 562, 563 (5th Cir.1976).

■ Under Florida law, the Bank's failure to give the Roberts notice of the sale of the stock barred a deficiency judgment against the Roberts. We therefore reverse the district court judgment and direct that judgment be entered in favor of the Roberts.

REVERSED.