PER CURIAM.
We reverse the judgment on the pleadings under review. The defendants’ pro se response to the complaint, filed well before judgment was entered, alleging that the defendants were not notified by the plaintiff credit union of the time and place of the sale at public auction of their repossessed vehicle, might, if proved, be a complete defense to the plaintiff’s suit to recover judgment for the deficiency between the *658 amount due under the note and the amount received through the sale of the collateral. See § 679.504(3), Fla.Stat. (1981) [1]; Hayes v. Ring Power Corp., 431 So.2d 226 (Fla. 1st DCA 1983); Turk v. St. Petersburg Bank and Trust Co., 281 So.2d 534 (Fla. 2d DCA 1973). But cf. Weiner v. American Petrofina Marketing, Inc., 482 So.2d 1362 (Fla.1986) (failure to dispose of collateral in a commercially reasonable manner as required by Section 679.504(3), Florida Statutes, does not preclude secured party from obtaining a deficiency judgment; however, burden shifts to secured party to overcome “presumption that the fair market value of the collateral at the time of repossession was equal to the amount of the total debt that it secured.” Id. at 1365). Where an answer pleads a sufficient legal defense, it is error to enter a judgment on the pleadings in favor of the plaintiff. Lawyers Surety Corp. v. Clarke, 413 So.2d 1260 (Fla. 5th DCA 1982).
Reversed and remanded for further proceedings.

. In pertinent part, this subsection of the statute reads:
“Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale ... shall be sent by the secured party to the debtor_” An automobile auction is not considered a recognized market which would exempt the creditor from the notice requirement. Hayes v. Ring Power Corp. 431 So.2d 226; Turk v. St. Petersburg Bank and Trust Co., 281 So.2d 534.