539 So.2d 541 (1989)
REN-DEL ENTERPRISES, INC., a Florida Corporation, and Randall E. Warren, Appellants,
v.
FLORIDA KEYS FIRST STATE BANK, a Banking Corporation, Appellee.
No. 88-1195.
District Court of Appeal of Florida, Third District.
March 7, 1989.
Kimbrell & Hamann and W. Sam Holland, Miami, and Maria D. McDonald, for appellants.
Taylor, Brion, Buker & Greene and Arnaldo Velez, Miami, for appellee.
Before SCHWARTZ, C.J., and NESBITT and FERGUSON, JJ.
*542 PER CURIAM.
Appellants, Ren-Del Enterprises, Inc., and Randall E. Warren, signed a promissory note and a security agreement in favor of appellee, Florida Keys First State Bank. The note was secured by a marine travelift, a specialized piece of boatyard equipment used to service shrimp boats. Ren-Del and Warren appeal the judgment awarding a deficiency to the bank after proceeds from a sale of the collateral were applied to the principal balance, plus interest and attorney's fees.
Contrary to the appellants' primary contention, there is some evidence in the record which supports the trial court's finding that the creditor's disposition of the unique collateral, after repossession, was commercially reasonable. See Williams v. Kloeppel, 537 So.2d 1033 (Fla. 1st DCA 1988) (the secured creditor is entitled to a deficiency if he disposes of the collateral, by public or private sale, in a commercially reasonable manner); Land v. Cessna Aircraft Co., 466 So.2d 1265 (Fla. 1st DCA 1985) (same); Swindel v. General Fin. Corp. of Fla., 265 So.2d 393 (Fla. 1st DCA 1972) (same); § 679.504, Fla. Stat. (1987). A finding of the trial court on disputed facts in a nonjury trial will not be disturbed by a reviewing court where the finding is supported by competent substantial evidence. Laufer v. Norma Fashions, Inc., 418 So.2d 437 (Fla. 3d DCA 1982).
Appellants argue, as a separate point, that a creditor who, after declaring a default and repossessing the collateral, delays more than three years before instituting an action for a deficiency judgment, is entitled to interest at the statutory rate for the three-year interval but not to interest at the higher rate fixed by the contract. In our view, the question need not be reached where there is a determination that the sale of the collateral, after repossession, was commercially reasonable.
AFFIRMED.