555 So.2d 1260 (1989)
James FARRELL, Appellant,
v.
Adella FARRELL, Appellee.
No. 89-772.
District Court of Appeal of Florida, Third District.
December 12, 1989.
Rehearing Denied February 15, 1990.
*1261 George E. Gelb, Miami, for appellant.
Douglas Isenberg, North Miami Beach, for appellee.
Before BASKIN, FERGUSON and COPE, JJ.
PER CURIAM.
The husband appeals the trial court's order determining that it does not have jurisdiction pursuant to the Uniform Child Custody Jurisdiction Act, § 61.1302  .1348, Fla. Stat. (1987). The parties agree that Massachusetts is the home state of the children for purposes of paragraph 61.1308(1)(a), Florida Statutes. The husband contends, however, that Florida has concurrent jurisdiction through the provisions of paragraph 61.1308(1)(b). See Newcomb v. Newcomb, 507 So.2d 1145 (Fla. 3d DCA 1987). The trial court conducted an extensive evidentiary hearing on the issue, and as there is competent substantial evidence to support the trial court's conclusion, we affirm.[1]
The parties disagree over the interpretation of the trial court's order. As we interpret the order, upon our affirmance there is to be no immediate change in the temporary custody arrangement. Instead, the husband and the two minor children are to appear at such hearing as is set by the Massachusetts court for that court's determination of the remaining issues in the case. It is apparent from the record that the Florida and Massachusetts trial courts consulted appropriately prior to the decision below, see § 61.1314(3), Fla. Stat., from which we conclude that the Massachusetts court was in accord with this procedure.[2]
Affirmed.[3]
FERGUSON and COPE, JJ., concur.
BASKIN, Judge (concurring).
I agree with the majority opinion and write separately only to emphasize the point that although this case is properly set before the Massachusetts court under its special circumstances, removing one's child from the jurisdiction without permission is not an approved method for transferring jurisdiction to courts of another state.
NOTES
[1] Given the trial court's view of the facts, it also appears likely that, had the trial court concluded that Florida has concurrent jurisdiction, the court would nonetheless have determined that Massachusetts is the more appropriate forum. See §§ 61.1314(3), 61.1316, Fla. Stat.; Hickey v. Baxter, 461 So.2d 1364 (Fla. 1st DCA 1984).
[2] The record reflects that an order granting temporary custody to the mother was entered in the Massachusetts action under circumstances which were in essence ex parte. The mother withheld from the Massachusetts court the information that there was already a Florida action pending. It is evident that after the Florida and Massachusetts judges became fully apprised of the existence of the two actions, and after consultation with each other, the consensus was to treat the Massachusetts interim custody order as a nullity. For that reason the later Florida order specifies that the father and children will appear at the Massachusetts hearing when scheduled, rather than ordering an interim change in custody. We do not, of course, intimate any view on the merits of the custody dispute, nor do we mean to suggest that there will be any limitation on the authority of the Massachusetts court hereafter to proceed as it sees fit.
[3] In the present case each party, on a separate occasion, removed the children from a jurisdiction without approval. Although the wife initially removed the children from Florida and concealed their whereabouts, the husband eventually learned their location, visited them in Massachusetts, and acquiesced in their presence there for over a year prior to bringing the present action. In that fashion Massachusetts became the home state of the children. See § 61.1308(1)(a), Fla. Stat. (1987). The husband eventually removed the children without permission to Florida, where they have continued to reside pursuant to court order pending resolution of this litigation. In these circumstances the trial court did not rest its ruling on section 61.1318, Florida Statutes.