575 So.2d 1347 (1991)
R.P.M. ENTERPRISES, INC., Appellant,
v.
Bertram MURPHY and Barbara Murphy, Appellees.
No. 90-1353.
District Court of Appeal of Florida, Third District.
March 5, 1991.
*1348 Taylor, Brion, Buker & Greene and James W. Moore, Miami, for appellant.
Browning, Guller & Associates and Charlene G. Guller, Key West, for appellees.
Before SCHWARTZ, C.J., and BASKIN and COPE, JJ.
PER CURIAM.
Plaintiff R.P.M. Enterprises, Inc., appeals a final judgment denying specific performance of a real estate contract. We affirm.
R.P.M. Enterprises, Inc., entered into a contract to purchase real estate from appellees Bertram and Barbara Murphy, defendants below. The contract contained a clause requiring R.P.M. to provide additional financial information, since the Murphys were to hold a purchase money mortgage as part of the consideration for the sale of the Murphys' real estate. The clause provided that "[i]f financial information not approved, contract will be voided and deposit returned."
Construing the record in the light most favorable to the Murphys, who prevailed below, R.P.M. initially provided certain information which was not satisfactory to the Murphys. The Murphys specified the deficiencies and indicated a willingness to proceed with the transaction if the deficiencies were cured. Negotiations continued between the parties regarding the sufficiency of the financial information up to and beyond the date originally specified for the closing of the transaction. As that date approached, R.P.M. did not demand to close but on the contrary, continued to negotiate about the financial information. Approximately one month after the original closing date, and while the negotiations between the parties over the financial information were continuing, R.P.M. filed a suit demanding specific performance. The lawsuit proceeded to a bench trial and the court denied specific performance.
The trial court made a factual finding that R.P.M. had not supplied the financial information required under the contract. Construing the record favorably to the Murphys, the court concluded that the Murphys had extended the time for R.P.M. to provide the information, but R.P.M. had not complied. Contrary to R.P.M.'s contentions here, we conclude that there is substantial competent evidence in the record to support the trial court's finding. That being so, the judgment will not be disturbed on appeal. See Farrell v. Farrell, 555 So.2d 1260 (Fla. 3d DCA 1989); Ren-Del Enterprises, Inc. v. Florida Keys First State Bank, 539 So.2d 541, 542 (Fla. 3d DCA 1989) ("A finding of the trial court on disputed facts in a non-jury trial will not be disturbed by a reviewing court where the finding is supported by competent substantial evidence."). As R.P.M. had not complied with its obligations under the contract, specific performance was properly denied. See Hooper v. Breneman, 417 So.2d 315 (Fla. 5th DCA 1982); Emery v. Milton, 378 So.2d 1300 (Fla. 3d DCA 1980).
Affirmed.