PER CURIAM.
This is an appeal of an order dissolving a prejudgment writ of replevin. We reverse.
Appellant KDC Financial Corporation (KDC) obtained a prejudgment writ of re-plevin pursuant to section 78.068(2), Florida Statutes (1989), alleging that American Rock, Inc. (American) failed to make pay *758 ment as agreed on earth moving equipment for which KDC held a secured installment sales contract. American moved to dissolve the writ pursuant to section 78.068(6), Florida Statutes (1989), and asked the trial judge to prohibit KDC from selling the property which KDC had already repossessed pending resolution of the replevin action.
At that hearing, KDC presented evidence that American failed to comply with a workout payment schedule which the parties had entered into to cure American’s original default in payments on the earth moving equipment. A letter KDC had sent American prior to the default of the workout agreement was also submitted which showed that no partial or late payments would be acceptable and that KDC would repossess the collateral if payment was not timely made. For its part, American submitted the affidavit of its president stating that American had requested additional time to comply with the workout agreement and that KDC had not advised American that it would not give it additional time but instead had instituted the replevin proceeding. The trial judge dissolved the writ and ordered the equipment returned to American pending final judgment.
This was clearly error since the prejudgment writ was properly issued based on the evidence of American's failure to make timely payments as agreed. § 78.068(2). American did not prove for purposes of dissolving the prejudgment writ that at the time KDC filed the complaint, American was not in default on the installment sale contracts at issue; neither did it show evidence of KDC’s waiver of timely-payment. Lease Financing Corp. v. National Commuter Airlines, Inc., 462 So.2d 564 (Fla. 3d DCA 1985); Landmark First Nat’l Bank v. Beach Bait and Tackle Shop, Inc., 449 So.2d 1287 (Fla. 4th DCA 1983), review denied, 459 So.2d 1039 (Fla.1984); § 78.068(6).
Once the default had occurred, KDC had the right to take possession of the equipment which served as collateral. § 679.503, Fla.Stat. (1989). The fact that American voluntarily surrendered the equipment when KDC went to obtain it under its writ of replevin would not preclude KDC from selling the collateral through a private sale. Replevin and peaceable repossession are consistent remedies and in this instance the commencement of one did not preclude the utilization of the other. Land v. Cessna Aircraft Co., 466 So.2d 1265 (Fla. 1st DCA 1985). Thus, for purposes of disposing of the collateral pursúant to section 679.504, Florida Statutes (1989), there was no material distinction as to whether the collateral was obtained through repossession or replevin. KDC is entitled to dispose of the collateral through a private sale.
Based on the foregoing, the writ dissolving the prejudgment writ of replevin is reversed and the cause remanded for further proceedings.
MOTION FOR CLARIFICATION GRANTED
This is an appeal of an order dissolving a prejudgment writ of replevin. We reverse.
Appellant KDC Financial Corporation (KDC) obtained a prejudgment writ of re-plevin pursuant to section 78.068(2), Florida Statutes (1989), alleging that American Rock, Inc. (American) failed to make payment as agreed on earth moving equipment for which KDC held a secured installment sales contract. American moved to dissolve the writ pursuant to section 78.068(6), Florida Statutes (1989), and asked the trial judge to prohibit KDC from selling the property which KDC had already repossessed pending resolution of the replevin action.
At that hearing, KDC presented evidence that American failed to comply with a workout payment schedule which the parties had entered into to cure American’s original default in payments on the earth moving equipment. A letter KDC had sent American prior to the default of the workout agreement was also submitted which showed that no partial or late payments would be acceptable and that KDC would repossess the collateral if payment was not timely made. For its part, American submitted the affidavit of its president stating *759 that American had requested additional time to comply with the workout agreement and that KDC had not advised American that it would not give it additional time but instead had instituted the replevin proceeding. The trial judge dissolved the writ and ordered the equipment returned to American pending final judgment.
This was clearly error since the prejudgment writ was properly issued based on the evidence of American’s failure to make timely payments as agreed. § 78.068(2). At the close of all the evidence, there was no showing that, at the time the complaint for replevin was filed, American was in anything but default on the installment sale contract. Lease Financing Corp. v. National Commuter Airlines, Inc., 462 So.2d 564 (Fla. 3d DCA 1985); Landmark First Nat’l Bank v. Beach Bait and Tackle Shop, Inc., 449 So.2d 1287 (Fla. 4th DCA 1983), review denied, 459 So.2d 1039 (Fla.1984); § 78.068(6).
Once the default had occurred, KDC had the right to take possession of the equipment which served as collateral. § 679.503, Fla.Stat. (1989). The fact that American voluntarily surrendered the equipment when KDC went to obtain it under its writ of replevin would not preclude KDC from selling the collateral through a private sale. Replevin and peaceable repossession are consistent remedies and in this instance the commencement of one did not preclude the utilization of the other. Land v. Cessna Aircraft Co., 466 So.2d 1265 (Fla. 1st DCA 1985). Thus, for purposes of disposing of the collateral pursuant to section 679.504, Florida Statutes (1989), there was no material distinction as to whether the collateral was obtained through repossession or replevin. KDC is entitled to dispose of the collateral through a private sale.
Based on the foregoing, the writ dissolving the prejudgment writ of replevin is reversed and the cause remanded for further proceedings.